ELIHU C. CONANT *et al.*

*v.*

ALBERT GRIFFIN, Adm'r, etc., of WILLIAM BARBER, dec'd.

1. DAMAGES—*death resulting from negligence.* Under the act of 1853, giving a remedy, when the death of a person is caused by the wrongful act, default, or neglect of another, the damages can only be for the pecuniary loss, not for the bereavement.

2. FORMER DECISIONS. This doctrine is fully announced in the cases of the *City of Chicago* v. *Major,* 18 Ill. 349 ; *Rock Island Railroad Co.* v. *Morris,* 26 ib. 400, and the *Chicago & Alton Railroad Co.* v. *Shannon,* 43 ib. 338.

3. DAMAGES—*in estimating measure of—for pecuniary loss—wealth of defendant immaterial.* In such cases the wealth of a defendant can not be taken into consideration in arriving at the measure of compensation for the pecuniary loss suffered. The amount of the loss must be settled by proof.

4. SAME—*verdict must not exceed the loss proved.* The action, being a creature of the statute, must be governed by its provisions, and they provide only for compensatory damages, or approximate thereto, not for vindictive or exemplary damages. The verdict can not exceed the amount of the loss *proved.*

5. NEGLIGENCE—*in actions for—under the statute of* 1853—*what facts must be averred and proved.* In actions under the statute, "for causing death by wrongful act, neglect, or default," two material facts must be averred and proved, namely, the death, and the other fact, of there being a widow, or next of kin, surviving, the averment and proof of the death alone, being no ground of action.

6. PLEADING AT LAW—*of the plea of not guilty in actions for negligence under the statute of* 1853—*what facts are put in issue.* In actions under this statute, the plea of not guilty, puts in issue the fact of there being a widow or next of kin, surviving, as well as the commission of the act complained of.

7. NEGLIGENCE—*of proof of required by plaintiff.* And in such case the plaintiff is required to prove the existence of a widow or next of kin, otherwise the action fails.

8. MARRIAGE—*proof of—how may be rebutted.* Ordinarily, the evidence of marriage may be rebutted by proof that any circumstances rendered indispensably necessary, by law, to a valid marriage, were wanting.

9. NEGLIGENCE—*proof of the fact of there being a widow, or next of kin, surviving—indispensably necessary—requirements of the statute—names of such persons need not be averred in the pleadings—what sufficient.* In an action under this statute, where the declaration averred that one Ann Barber was the widow, and Frank Barber the son of the deceased, and proof was offered by the defendant to show that Ann was not the wife, nor Frank the son of deceased, but that another woman, who was then offered as a witness, was the wife of deceased at the time of the commencement of the suit, which evidence the court refused to admit: *Held,* that it was unnecessary to aver the names of the persons, widow or next of kin, the requirement of the statute being met by the allegation that *such persons* survived, regardless of what were their *names. Who* was the true widow, or next of kin, was a question wholly immaterial; and that such proof offered by the defendant tended to prove plaintiff's case, by showing that deceased *did* leave a widow; and being offered to attack the validity of the marriage, it was inadmissible for such purpose.

10. SAME—*the question—who is the widow, or next of kin—to be determined by the probate court.* The question as to *who* is the widow, or next of kin, only becomes important when the administrator is called upon to make distribution of the money received from the judgment, if one is recovered, and is to be determined in the probate court.

11. SAME—*concerning the proof of marriage.* And in such case it was sufficient for the plaintiff to prove the relation of husband and wife by reputation, which the defendant was at liberty to rebut.

APPEAL from the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. EDSALL & CRABTREE, for the appellants.

Messrs. BARGE & HEATON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass, in the Lee Circuit Court, brought by Albert Griffin, administrator on the estate of William Barber, deceased, against Elihu C. Conant and William A. Conant, for an assault upon deceased with a pistol, resulting in his death. The action was brought under the act of 1853, on the allegation that deceased left a widow and infant son, his next of kin, to whom the damages, if any were recovered, could be distributed.

The plea was the general issue, with a notice of justification.

A jury found for the plaintiff, and assessed the damages at five thousand dollars. A motion for a new trial was overruled, and a judgment rendered on the verdict.

To reverse this judgment, the defendants have appealed to this court.

Several points are made by the appellants as grounds of reversal, the first of which is, that the court received evidence to show the wealth of the defendants, on the claim of the plaintiff and by concession of the court, that he had a right to recover punitive or exemplary damages. On this question, this court is fully committed by the decision in the cases of *The City of Chicago* v. *Major*, 18 Ill. 349, and *Rock Island Railroad Co.* v. *Morris*, 26 ib. 400, and *Chicago & Alton Railroad Co.* v. *Shannon*, 43 ib. 338.

In the first named case, the object and purposes of this statute were fully considered, and it was there held that the

damages to be recovered, in an action under it, could only be for the pecuniary loss, not for the bereavement.

In the next case it was said, the statute makes the pecuniary loss of the widow and next of kin the sole measure of damages. The satisfaction of that loss, is, therefore, the sole purpose for which an action can be instituted, there being nothing to be allowed for the bereavement, nothing for *solatium ;* the damages must be limited to an indemnity for the pecuniary loss.

In the last case, it was said, such next of kin as have suffered pecuniary injury from death, may recover pecuniary compensation under the statute, which requires the jury to give such damages as they may deem a fair and just compensation.

It is apparent, from these rulings, that the condition of th defendants, as to wealth, could not be taken into consideration by the jury in arriving at the measure of compensation for the pecuniary loss, for, was their wealth small or great, it did not, in any manner, increase or diminish the pecuniary loss sustained by the parties complaining. This action is the creature of the statute, and must be governed entirely by its provisions, and as they only provide for compensation for the pecuniary loss, the evidence should be confined exclusively to that. The damages should be compensatory, or approximate thereto, but not vindictive or exemplary.

The court erred in admitting this testimony, and in this connection it erred in giving the first instruction to the jury. By it the jury were informed, in substance, if the widow and child had sustained *any* pecuniary loss by the death, then they might assess the damages to five thousand dollars, the amount claimed in the declaration. The amount of pecuniary loss must be ascertained by proof, as in Shannon's case, and the verdict must not exceed the loss proved. By the instruction, the jury were told, if there was any pecuniary loss, they

might assess the damages to the amount claimed in the declaration.

Another point made by appellants is, that the court erred in excluding evidence to show that Ann Barber was not the widow, and that Frank Barber was not the legitimate son and heir of the deceased.

In Morris' case, *supra*, the declaration was held bad, because of the want of an averment that the person killed left a widow or next of kin, who could, in a pecuniary view, be losers. It follows, there are two material facts to be averred and proved, in actions under this statute, namely, the death, and a widow or next of kin surviving, the averment and proof of the first only being no ground of action. The *gravamen* consists in the other fact of there being a widow or next of kin.

Was this fact put in issue by the plea of not guilty? Usually, that plea, in an action of trespass to the person, amounts to a denial of the trespass alleged, and no more. Stephen on Pl. 158. This means where the injury complained of is to the absolute right of the person complaining, but in injuries to the relative rights, as this case is, it put in issue the existence of the right, as well as the commission of the act of which complaint is made. 1 Ch. Pl. 472.

The plaintiff, then, was required to prove the existence of a widow or next of kin, otherwise the action would fail. The defendants, of course, were at liberty to disprove it by sufficient evidence. Ordinarily, the evidence of marriage may be rebutted by proof that any circumstances rendered indispensably necessary, by law, to a valid marriage, were wanting. Thus it may be shown that either of the parties had a husband or wife living at the time of the marriage in question. 2 Greenl. Ev. sec. 464.

But the validity of this alleged relation was not the question before the court. The question was, did the deceased leave a widow or next of kin, who had, by the death, suffered a pecuniary loss. Who they were was wholly immaterial, whether

the persons named in the declaration, or other persons with different names. Proving the fact such persons survived, brought the case within the statute, without regard to their names. The defendants offered to prove that Ann Barber never was the wife of the deceased, and that Frank was not the legitimate son, and this by showing that the deceased was married to another woman, who was living at the time of the commencement of the suit, and was then offered as a witness. The court refused to admit this testimony.

The averment that Ann Barber was the widow and Frank was the son, was wholly unnecessary, the requirement of the statute being met by the allegation the deceased left a widow and next of kin. This was the gist of the action. The proof offered by the defendants went to make out the plaintiff's case, as it showed the deceased did leave a widow. Whether she or Ann Barber was the true widow was wholly immaterial. That fact would become important when the administrator is called upon to make distribution. If the person offered as a witness to prove she was the widow, shall claim the proceeds of this recovery in the hands of the administrator, on the ground she was the lawful wife of the deceased and his surviving widow, the whole question of the validity of the marriage will have to be passed upon by the probate court. For the purposes of this action, it was only necessary the fact should be alleged and proved there was a widow, or next of kin, and it matters not which side produces the evidence. The leading and indispensable fact is, did the person killed leave a widow?—who it was, was immaterial.

It was sufficient for the plaintiff, under the issue, to prove the relation of husband and wife by reputation. We remember of but two cases in which an actual marriage, or a marriage in fact, must be proved; the one is, in a criminal prosecution for bigamy, and the other, an action for criminal conversation. The defendants, of course, were at liberty to rebut the presumption arising from cohabitation by proof, and if evidence

is offered to rebut it, the court would err in rejecting it. But that was not the object of the evidence offered, but by it, the validity of the alleged marriage was attacked.

We perceive no other point made on the record requiring discussion.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*