BELLE GARDNER, Adm'x of the Estate of Sheldon Gardner, Deceased, Plaintiff-Appellant, *v.* JOHN W. GERAGHTY, Defendant-Appellee.

First District (2nd Division)    No. 80-1699

Opinion filed July 7, 1981.

A. J. Hardiman, Ltd., of Chicago (A. J. Hardiman and Eugene C. Hardiman, of counsel), for appellant.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, John J. O'Malley, and Michael W. Rathsack, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff Belle Gardner brought this wrongful death action as administratrix of the estate of her late husband, Sheldon Gardner, who died as a result of injuries sustained when an automobile driven by defendant John W. Geraghty struck him. The trial court dismissed plaintiff's comparative negligence count. A jury found for defendant on the remaining negligence counts, and the jury returned a special interrogatory finding decedent guilty of contributory negligence. Judgment was entered for defendant. Plaintiff asks this court to consider (1) whether the circuit court erred in dismissing the comparative negligence claim and in submitting to the jury a contributory negligence interrogatory; (2) whether the circuit court erred in striking plaintiff's claim for punitive damages; (3) whether plaintiff's claim for prejudgment interest was properly dismissed; (4) whether testimony regarding decedent's careful habits was properly ruled inadmissible; and (5) whether the circuit court properly refused to instruct the jury regarding a pedestrian's right-of-way when in a crosswalk.

On November 27, 1978, at about 5:15 p.m., Sheldon left his home at 1513 Cleveland Street, Evanston, to walk to a local cleaners. He wore a dark brown overcoat and a dark brown hat. It was dark outside and the pavement was wet from melting snow. He walked in an easterly direction for about a block and a half until he reached the intersection of Asbury and Cleveland Streets. At approximately 5:20 p.m., defendant, who was

driving his automobile south on Asbury Street, saw Sheldon walking at a medium pace across the street 8 feet from the southwest corner[1] of the intersection of Asbury and Cleveland Streets. At that time defendant's car bumper was approximately even with the northwest curbline defining the north side of Cleveland Street. Sheldon was about 30 feet in front of defendant. Defendant's car was traveling at about 20 miles per hour and defendant could see from 20 to 40 feet in front of him. Defendant applied his brakes, attempted to swerve the car to the right, but skidded an estimated 30 feet until the left front portion of his car hit Sheldon. Sheldon flew up onto defendant's hood and broke the left portion of the front windshield. An investigating police officer was called to the scene and found defendant's car located a few feet north of Sheldon and within a portion of an unmarked crosswalk. Sheldon's body was without the crosswalk area. About 30 feet of skid marks running in a north-south line terminated at the apparent point of impact. Measurements of the scene were taken. Sheldon was removed to a nearby emergency care facility where he subsequently died of internal injuries sustained in the collision.

Defendant testified at trial that he did not see decedent while the latter was on the sidewalk or stepping off the sidewalk. Defendant was driving with his headlights on. No traffic control devices were present on Asbury at the intersection with Cleveland Street.

Plaintiff's initial complaint alleges defendant's negligence caused decedent's death. It alleges decedent was free from contributory negligence. The complaint seeks recovery for wrongful death, funeral and other expenses, and pain and suffering. An amendment to that complaint was filed a year later alleging that defendant's conduct was wilful and wanton. It seeks punitive damages. That count was dismissed upon defendant's motion. On the first day of trial, March 11, 1980, plaintiff filed another amendment to her complaint. This amendment alleges a comparative negligence theory of recovery. It also seeks recovery of prejudgment interest. The trial court dismissed both counts.

## I

Plaintiff raises several contentions which may be combined as one issue: whether the circuit court erred in dismissing the comparative negligence claim and in submitting to the jury a contributory negligence interrogatory.

## A.

■■ Plaintiff advances several arguments in support of an affirmative

---

[1] The investigating police officer testified at trial that defendant told him he had first seen decedent while the latter was walking in the middle of the traffic lane.

finding on this issue. Defendant, however, claims the issue is not properly before this court. Defendant asserts plaintiff cannot now be heard to argue upon a comparative negligence theory when plaintiff proceeded to try the case on the theory decedent was free from contributory negligence. Defendant analogizes plaintiff's conduct with that of a defendant who answers over an overruled section 45 motion (Ill. Rev. Stat. 1979, ch. 110, par. 45) attacking a complaint. (See generally *Harry v. Harry* (1976), 38 Ill. App. 3d 776, 778, 349 N.E.2d 69, *appeal denied* (1976), 64 Ill. 2d 596.) The rationale supporting such a rule (*i.e.*, adequate notice of claim cures error in form) does not apply with equal force to the present situation. The instant plaintiff's claim is dependent upon a theory of recovery and not upon her legal framing of that theory.

Defendant also contends the issue of comparative negligence was waived at trial. A review of the record discloses plaintiff did not acquiesce in the court's ruling on defendant's motion to dismiss the comparative negligence count. The trial court was well aware of plaintiff's arguments at each stage of the proceedings. Plaintiff did not reiterate those arguments upon each adverse ruling. Plaintiff merely chose to respect the trial court's ruling and preserve her record for appellate review. Accordingly, we conclude plaintiff did not waive the issue and it is properly before this court.

### B.

Plaintiff contended at oral argument that the substantive issue before us (*i.e.*, whether comparative negligence was a proper theory at trial) is governed by, *inter alia*, our supreme court's recent opinion in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 25, wherein the doctrine of comparative negligence was adopted as the law of this State. The court's initial opinion, however, was subsequently modified upon denial of rehearing. The modification primarily affects the opinion's application to other cases which raise the instant issue. As modified, *Alvis v. Ribar* "shall be applied to * * * all cases in which trial commences on or after June 8, 1981, * * *." (85 Ill. 2d 1, 28.) The instant trial began more than a year prior to that date. Thus, our determination is governed by case law prior to *Alvis v. Ribar*.

In *Maki v. Frelk* (1968), 40 Ill. 2d 193, 196, 239 N.E.2d 445, the supreme court rejected arguments similar to those advanced here[2] and it refused to judicially adopt a comparative negligence doctrine. As a result, that court reaffirmed the then established principle that an injured person's contributory negligence operates as a bar to recovery by him in a

---

[2] Plaintiff argues that application of the contributory negligence doctrine violates the Federal and State constitutions and is against public policy. These arguments were rejected in *Maki*, at 196. See *Angelini v. Snow* (1978), 58 Ill. App. 3d 116, 118-20, 374 N.E.2d 215.

negligence action. Illinois' wrongful death statute (Ill. Rev. Stat. 1977, ch. 70, pars. 1, 2) incorporates the common law theories of recovery and defense, and case law has engrafted the doctrine of contributory negligence upon actions under the statute. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 613, 131 N.E.2d 525.) Prior to June 8, 1981, *Maki* and *Nudd* represented Illinois law regarding application of the doctrine of contributory negligence. We are bound by these pre-*Alvis* decisions, and it is not within our authority to overrule or modify them. (*Stopka v. Lesser* (1980), 82 Ill. App. 3d 323, 326, 402 N.E.2d 781, *appeal denied* (1980), 81 Ill. 2d 599; *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 783, 356 N.E.2d 788, *appeal denied* (1977), 65 Ill. 2d 577.) Accordingly, we must conclude that at the time of trial the circuit court did not err when it dismissed plaintiff's amended complaint alleging a comparative negligence theory of recovery.[3]

## II

■■ Plaintiff claims the circuit court erred by dismissing her claim for punitive damages arising out of defendant's alleged wilful and wanton conduct. Punitive damages are not recoverable in wrongful death actions in Illinois. (*Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 33, 330 N.E.2d 509; *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 896, 388 N.E.2d 906, *appeal denied* (1979), 79 Ill. 2d 618; see *Illinois Supreme Court Review—Punitive Damages for Wrongful Death or Survival Act Recovery*, 1976 U.Ill.L.F. 387 (1976).) Plaintiff's citation of foreign authorities is not controlling. Unless our supreme court changes its rule as announced in *Mattyasovszky*, the appellate court cannot permit recovery of punitive damages in wrongful death cases.

## III

■■ Plaintiff next urges this court to rule that recovery of prejudgment interest is permissible in the absence of statutory authority. Section 2 of the Interest Act does not authorize prejudgment interest in wrongful death or other tort cases. (See Ill. Rev. Stat. 1977, ch. 74, par. 2.) Absent such statutory authority, the "recovery of prejudgment interest in this state cannot be sustained * * *." *Reserve Insurance Co. v. General Insurance Co.* (1979), 77 Ill. App. 3d 272, 281, 395 N.E.2d 933.

---

[3] Plaintiff also argues the circuit court erred when it submitted to the jury a special interrogatory regarding contributory negligence. (See Ill. Rev. Stat. 1979, ch. 110, par. 65.) Plaintiff cites *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, 328, 410 N.E.2d 873, as authority for the proposition that submission of such an interrogatory to a jury is unconstitutional. Our disposition of this cause requires retrial (see parts IV and V). This issue is unlikely to reappear upon remandment. Therefore, we decline to address the issue. See *Smith v. Metropolitan Sanitary District* (1978), 61 Ill. App. 3d 103, 107, 377 N.E.2d 1088, *aff'd* (1979), 77 Ill. 2d 313, 396 N.E.2d 524.

## IV

The next claim raised by plaintiff is that the trial court erred in striking plaintiff's testimony regarding the decedent's careful habits. The following testimony was stricken at trial:

> "Q: Mrs. Gardner, prior to your husband's death, did you have occasion to observe his habits, especially in crossing the street?
> A: Yes, careful."

The general rule regarding habit testimony, which attempts to show that a person acted at one point in time consistent with his past practice, is to not consider it. In wrongful death cases an exception to that rule permits such habit evidence where there are no eyewitnesses to the accident. In these cases, evidence may be admitted on the issue of whether decedent was in the exercise of due care immediately prior to and at the time of the accident. *Vuletich v. Bolgla* (1980), 85 Ill. App. 3d 810, 814, 407 N.E.2d 566.

■■ The instant record reveals defendant's testimony did not provide an eyewitness account of decedent's conduct prior to the injury. As soon as defendant saw decedent, defendant applied his brakes. Decedent's contributory or relative fault in this occurrence can be better appraised if other evidence relative to conduct prior to the accident is admitted. (See *Vuletich v. Bolgla*; see, *e.g., Hawbaker v. Danner* (7th Cir. 1955), 226 F.2d 843, 847-49.) Therefore, we believe the circuit court should have admitted the proffered habit testimony.

## V

Lastly, plaintiff claims the trial court erred when it refused to instruct the jury regarding plaintiff's theory that decedent was entitled to a statutory right-of-way if found to be using a crosswalk at the time of the occurrence.[4] Defendant responds there was no evidence at trial that decedent was in a crosswalk. We disagree.

■■ It is well settled that a party is entitled to have the jury instructed upon the theory of his case where some evidence of record supports that theory. (*Illinois State Trust Co. v. Walker Manufacturing Co.* (1979), 73 Ill. App. 3d 585, 591, 392 N.E.2d 70; *Sims v. Chicago Transit Authority* (1955), 7 Ill. App. 2d 21, 29-30, 129 N.E.2d 23.) Circumstantial evidence at trial indicates that defendant's car braked to a stop where the front portion of that car stood in an unmarked crosswalk. Decedent's body fell

---

[4] Defendant claims that plaintiff failed to specifically plead the instant statutory right-of-way (see Ill. Rev. Stat. 1977, ch. 95½, par. 11—1002) and, therefore, cannot now complain of the court's failure to give instruction based upon it. The initial complaint alleged defendant "failed to yield the right-of-way to the plaintiff's intestate, contrary to statute of the State of Illinois." That allegation is sufficient under the facts of this case to apprise defendant of plaintiff's reliance upon the instant statute.

south of the stopped car some 8 feet. The skid marks upon the pavement terminated at the point where defendant's car was found (*i.e.*, in the crosswalk). Defendant testified he first saw decedent when the former's car bumper was even with the northern curb of Cleveland Street. Defendant estimated decedent was about 30 feet in front of him. That estimation would place decedent approximately in an unmarked crosswalk. This circumstantial evidence is some evidence. It is sufficient to require instruction of the jury regarding decedent's entitlement to a right-of-way if found to be walking within an unmarked crosswalk.[5]

In accordance with the above-stated reasoning, we reverse the judgment of the circuit court of Cook County and remand the cause for a new trial.[6]

Reversed and remanded.

HARTMAN, P. J., and STAMOS, J., concur.

---

[5]In *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320, 323, 410 N.E.2d 873, this court stated: "When there are no traffic signals at an intersection, the driver of a vehicle must yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway upon which the vehicle is traveling. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—1002.)" The record in that case reflected that there were no painted crosswalk marks at the intersection (88 Ill. App. 3d 320, 322).

[6] We note that upon retrial plaintiff may proceed upon a comparative negligence theory of recovery. *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 28.