JOHN LEE WINTER, Ex'r of the Estate of Ted Winter, Deceased, Plaintiff-Appellant, *v.* SCHNEIDER TANK LINES, INC., *et al.*, Defendants-Appellees.—JOHN LEE WINTER, Ex'r of the Estate of Joan Winter, Deceased, Plaintiff-Appellant, *v.* SCHNEIDER TANK LINES, INC., *et al.*, Defendants-Appellees.

First District (5th Division)    Nos. 81-1391, 81-1472 cons.

Opinion filed May 21, 1982.—Rehearing denied August 12, 1982.

Jack Ring, Ltd., of Chicago (Jack Ring and Richard L. Wattling, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, John G. Langhenry, and Stanley J. Davidson, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

These are consolidated appeals from orders of the trial court dismissing count II in each second amended complaint seeking to recover punitive damages under sections 1 and 2 of the Illinois Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, pars. 1, 2) (the Act) and entering judgment for defendants. Plaintiff contends that the Act permits recovery of punitive damages.

The second amended complaints, asking for compensatory and punitive damages, alleged in substance that decedents Ted and Joan Winter were passengers in an auto which was stopped at an intersection in obedience to a traffic signal; that defendant Heissler was driving a truck tractor and tank trailer owned and operated by defendant Schneider Tank Lines, Inc.; and that defendants' vehicle collided with the rear of the auto, killing Ted and Joan Winter.

Thereafter, the trial court granted defendants' motion to dismiss count II, which sought punitive damages under the Act[1] and, pursuant to Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), found no just reason for delay of enforcement or appeal.

OPINION

It is the contention of plaintiff that prior to 1853, when the present Illinois Wrongful Death Act was enacted, there existed in this State a common law right of action for wrongful death which permitted recovery of both compensatory and punitive damages, and that the Act, instead of proscribing punitive damages, was remedial in nature and designed to make the purported common law right more effective. It is on this reasoning that plaintiff seeks to recover punitive damages—not on the basis of a common law right of action for wrongful death, but under the Act itself. Furthermore, he maintains that *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509, the one case generally regarded as controlling on the question of the availability of punitive damages under the Act, did not pass upon the question and, in any event, that *Mattyasovszky* was rendered inapplicable by *National Bank of*

---

[1] Count I, which remains pending in the trial court, seeks only compensatory damages.

*Bloomington v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919. Additionally, plaintiff argues that other decisions standing for the proposition that punitive damages are not recoverable under the Act are *dictum* or have been overruled.

■■ Consideration of the case law and the legislative intent concerning the availability of punitive damages in wrongful death actions compels us to reject plaintiff's contention. Even if the right to such recovery is of common law origin and despite the questionable antecedents of the doctrine that there is no common law action for wrongful death (see *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784), all Illinois cases which have decided the question since the inception of the Act preclude recovery of punitive damages either under the Act or at common law (see *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509; *Conant v. Griffin* (1868), 48 Ill. 410; *Howe v. Clark Equipment Co.* (1982), 104 Ill. App. 3d 45, 432 N.E.2d 621; *Gardner v. Geraghty* (1981), 98 Ill. App. 3d 10, 423 N.E.2d 1321; *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906; *Baird v. Chicago, Burlington & Quincy R.R. Co.* (1973), 11 Ill. App. 3d 264, 296 N.E.2d 365, *appeal after remand* (1975), 32 Ill. App. 3d 1, 334 N.E.2d 920, *aff'd* (1976), 63 Ill. 2d 463, 349 N.E.2d 413; also see *In re Aircrash Disaster* (7th Cir. 1981), 644 F.2d 594, *cert. denied* (1981), 454 U.S. 878, 70 L. Ed. 2d 187, 102 S. Ct. 358). Recovery is instead measured by pecuniary loss based upon dependency. *Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444; *Saunders v. Schultz* (1960), 20 Ill. 2d 301, 170 N.E.2d 163.

■■ Plaintiff also raises a question of statutory construction in arguing that when the Act was enacted it was remedial legislation rather than in derogation of the common law, so that rules of liberal construction apply. While it is correct that remedial legislation must be liberally construed (*Zehender & Factor, Inc. v. Murphy* (1944), 386 Ill. 258, 53 N.E.2d 944; *Board of Education v. Pacific National Fire Insurance Co.* (1958), 19 Ill. App. 2d 290, 153 N.E.2d 498), we need not determine whether the Act is remedial in nature or in derogation of the common law. In our view, this question is resolved by the fundamental rule of statutory construction that courts must examine the language of the statute in order to determine its plain and ordinary meaning and thereby effectuate legislative intent. (*Totten v. State Board of Elections* (1980), 79 Ill. 2d 288, 403 N.E.2d 225; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.) In accordance with that principle, we think the language of the Act is clear and unambiguous and that it does not warrant the award of punitive damages.

Legislative intent is further evidenced by subsequent treatment of the Act. On three recent occasions, amendments to the Act which could have allowed recovery of punitive damages have been rejected (H.B. 3364, 81st General Assembly, 2d Session (1981); H.B. 785, 81st General Assembly, 1st

Session (1979); H.B. 1648, 80th General Assembly, 1st and 2d Sessions (1977-1978)), and a fourth attempt seeking the same amendment is pending (H.B. 398, 82nd General Assembly (1981)). Had the legislature intended the Act to provide for punitive damages, a clear expression of such intent would be necessary. (See *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180; *General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) We note, parenthetically, that strict construction generally is not the antithesis of liberal construction but simply means that a statute should be confined to such objects or applications as are obviously within its terms and purposes. (*Du Bois v. Gibbons* (1954), 2 Ill. 2d 392, 118 N.E.2d 295; *City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 68 N.E.2d 278.) We think it to be apparent that the legislature determined that the purposes of the Act would be fulfilled without making punitive damages recoverable. To hold otherwise would be to improperly declare that the legislature intended something which the plain language of the statute does not import. See *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.

We also think it clear that contrary to plaintiff's contention, *National Bank of Bloomington v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919, does not render *Mattyasovszky* inapplicable. In *National Bank*, plaintiff had alleged in count IV of its complaint that decedent sustained serious injuries, requiring hospitalization and medical services before he died, and that decedent was conscious for seven days between his injury and death. In permitting recovery of compensatory and punitive damages under section 73 of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 77), [2] the court stated:

> "Defendant's contention actually combines two distinct propositions: first, that section 73 of the Public Utilities Act does not create a cause of action in a personal representative for compensatory and punitive damages for the wrongful death of decedent, and, second, that the Act does not create a cause of action in a personal representative for compensatory and punitive damages for the predeath injuries to the decedent. We need not address the first proposition since, in count I, plaintiff-administrator recovered

---

[2] *Cf.* the Public Utilities Act, a statute designed to promote public safety by public utilities, in which section 73 (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 77) provides in relevant part: "In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done either by any provisions of this Act or any rule, regulation, order or decision of the Commission, issued under authority of this Act, the public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and *if the court shall find that the act or omission was wilful, the court may in addition to the actual damages, award damages for the sake of example and by the way of punishment.*" (Emphasis added.)

damages for the death of decedent under the Wrongful Death Act, and since, in count IV, plaintiff-administrator does not seek damages for wrongful death. As to the second proposition, however, we hold that plaintiff-administrator may recover compensatory and punitive damages under the Public Utilities Act on the basis of the injuries decedent sustained prior to his death." (73 Ill. 2d 160, 170, 383 N.E.2d 919, 922-23.)

The award of punitive damages was thus based upon injuries suffered prior to death and was not affected by the subsequent death of the injured person. Furthermore, while the court in *National Bank* stated that its "decision in [*Mattyasovszky*] does nothing to abate the defendant's *statutory liability* for punitive damages upon the death of the injured person" (73 Ill. 2d 160, 173, 383 N.E.2d 919, 924), we note that plaintiff here does not seek a remedy under any other statute (see, *e.g., Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 383 N.E.2d 929; *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 308 N.E.2d 583; *Saunders v. Schultz* (1960), 20 Ill. 2d 301, 170 N.E.2d 163). Moreover, as we read *National Bank,* plaintiff's use of the term "statutory liability" was limited in its reference to the Public Utilities Act.

As stated above, the court in *National Bank* found that punitive damages were recoverable under the Public Utilities Act on the basis of the injuries suffered prior to death, but it did not hold that they were obtainable under the Wrongful Death Act. Furthermore, it seems clear that *Mattyasovszky* did endorse the general principle precluding the right to recover punitive damages in wrongful death actions. This is evidence both from its reasoning and from its affirmance, without comment on that question of law, of the decision of the appellate court holding that punitive damages were not recoverable under the Act. (*Mattyasovszky v. West Towns Bus Co.* (1974), 21 Ill. App. 3d 46, 53, 313 N.E.2d 496, 501.) We conclude, therefore, that *Mattyasovszky* and *National Bank* are not inconsistent on this question.

Assuming, *arguendo,* that *Mattyasovszky* is not controlling precedent and that, as argued by plaintiff, *Conant v. Griffin* (1868), 48 Ill. 410, is *dictum* as to the rule against punitive damages in wrongful death actions (see *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 38-39, 330 N.E.2d 509, 513 (Goldenhersh, J., dissenting)), we note that in *Gardner v. Geraghty* (1981), 98 Ill. App. 3d 10, 423 N.E.2d 1321, the court held that punitive damages were not recoverable under the Wrongful Death Act, and we discern no compelling differences between the present case and others so holding (see *Howe v. Clark Equipment Company* (1982), 104 Ill. App. 3d 45, 432 N.E.2d 621; *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906; *Mattyasovszky v. West Towns Bus Co.* (1974), 21 Ill. App. 3d 46, 313 N.E.2d 496; *Baird v. Chicago, Burlington & Quincy R.R.*

*Co.* (1973), 11 Ill. App. 3d 264, 296 N.E.2d 365, *appeal after remand* (1975), 32 Ill. App. 3d 1, 334 N.E.2d 920, *aff'd* (1976), 63 Ill. 2d 463, 349 N.E.2d 413). We find those decisions persuasive and, accordingly, we reject the contention of plaintiffs here that punitive damages are recoverable under the Wrongful Death Act.

It should be noted that in *National Bank of Bloomington v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919, the supreme court held that punitive damages authorized by a statute are recoverable under the Survival Act (Ill. Rev. Stat. 1979, ch. 110½, par. 27—6) but that, in the instant case, we were concerned only with whether punitive damages were recoverable under the Wrongful Death Act. We were not presented with, nor have we resolved in this opinion, the question which appears to have been left in the wake of *National Bank of Bloomington* as to whether punitive damages are recoverable in a common law action under the Survival Act.

For the reasons stated, we affirm the trial court's dismissal of count II of the second amended complaints.

Affirmed.

LORENZ and MEJDA, JJ., concur.