Betty DOTY, as Administratrix of the estate of Gregory Shearer, deceased, and Roosevelt Shearer, father of Gregory Shearer, deceased, Plaintiffs,

v.

John CAREY and Martin Morrison, individually and as officers of the Police Department of the City of Chicago, Defendants.

No. 84 C 9420.

United States District Court,
N.D. Illinois, E.D.

Jan. 22, 1986.

David C. Thomas, Law Clinic Offices, IIT Chicago-Kent College of Law, Chicago, Ill., for plaintiffs.

Gregory E. Kulis, Asst. Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Betty Doty, as the personal representative of her brother Gregory Shearer and on behalf of his estate, seeks redress for his death from two Chicago police officers under 42 U.S.C. § 1983. Plaintiff Roosevelt Shearer brings his own § 1983 action against the same officers for the loss of society of his son. Plaintiff Doty also has brought a pendent claim for wrongful death under Ill.Rev.Stat. ch. 70, ¶¶ 1 and 2, for the benefit of Gregory Shearer's spouse, Myrna, and his next of kin, his father. The defendants move to dismiss the federal claims, arguing that these plaintiffs are limited to the remedy available to them through the Illinois Wrongful Death Act.

A motion to dismiss may be granted only when relief would not be available under any set of facts consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). For purposes of such a motion the court accepts all the allegations in the complaint as true. The complaint alleges that the defendants, responding to a call of a possible home burglary, found Gregory Shearer in bed, and without provocation shot him seven times, killing him instantly. Simply put, this court thinks that those facts state a claim for violation of constitutional rights. The motion is denied.

1. Defendants' motion also included a request to dismiss plaintiffs Doty and Roosevelt Shearer from the complaint because they are not proper parties under the Illinois Wrongful Death Act. That contention has apparently been withdrawn since it does not appear in defendants' brief. *See* Local Rule 13. In any case, plaintiff Doty is the proper party to bring such an action. The administrator of the estate brings it for the

## DISCUSSION

Defendants, in their brief in support of their motion, appear to argue that plaintiffs have no remedy under § 1983 since the Illinois Wrongful Death Act provides them with an adequate remedy. Alternatively, however, they may be arguing that while plaintiffs have § 1983 actions, 42 U.S.C. § 1988 and the Seventh Circuit decision in *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir.1984), effectively limit those actions to the contours defined by the Illinois Wrongful Death Act.[1] Neither contention is correct.

### I.

The first argument would presumably be based on *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), although that case is nowhere cited in defendants' brief. Defendants, however, argue that Illinois law provides adequate redress for the wrongs committed and therefore the § 1983 claim should be dismissed. That would be the result if *Parratt* applied here. In *Parratt*, a prisoner sued under § 1983 for negligent deprivation of property without due process of law. Prison officials had lost a hobby kit of his worth $23.50. The court held that § 1983 did not apply because the official's conduct did not violate due process. State court law provided an adequate post-deprivation remedy in a situation where a pre-deprivation hearing was not practical. 451 U.S. at 543–544, 101 S.Ct. at 1916–1917. In some circumstances, then, the existence of an adequate remedy under state law precludes a § 1983 claim.

The intentional or reckless deprivation of life by state officials, however, is not one of those situations. As the Fifth

benefit of the decedent's spouse and/or next of kin. *Rodgers v. Consolidated Railroad Corp.*, 136 Ill.App.3d 191, 482 N.E.2d 1080, 90 Ill.Dec. 797 (4th Dist.1985). Roosevelt Shearer is not a party to count II, the Illinois wrongful death action, but rather appears along with Myrna Shearer as a beneficiary for distribution of any recovery.

Circuit succinctly put it, in *Augustine v. Doe*, 740 F.2d 322, 329 (5th Cir.1984):

> *Parratt v. Taylor* is not a magic wand that can make any section 1983 action resembling a tort suit disappear into thin air. *Parratt* applies only when the plaintiff alleges a deprivation of procedural due process; it is irrelevant when the plaintiff has alleged a violation of some substantive constitutional proscription.

In other words, concern with the adequacy of state remedies may be appropriate when the challenge is to the absence of some kind of a hearing or procedure. It is not an issue when, as here, the challenge is to the conduct itself. *Augustine*, 740 F.2d at 326–327. *Accord: Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 199 (7th Cir.1985); *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir.1984), *cert. denied*, 469 U.S. ——, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985). *See generally Toney-El v. Franzen*, 777 F.2d 1224, 1226–1228 (7th Cir.1985) (explaining distinction between substantive and procedural due process).

■ Defendants' confusion may come from the fact that *Parratt* is sometimes cited for another related principle: in some cases a § 1983 due process action will not lie unless a particular state of mind is present. While § 1983 itself does not require that defendants have a particular state of mind, *Parratt*, 451 U.S. at 534, 101 S.Ct. at 1912, nevertheless the statute only provides a remedy when the state deprives the plaintiff of a right guaranteed by the constitution or federal law. With some substantive constitutional rights no deprivation has occurred unless the conduct was accompanied by an intent to harm or a reckless attitude toward the right in question. *Parratt*, 451 U.S. at 534, 101 S.Ct. at 1912; also 546 (Blackmun, J., concurring). *See Baker v. McCollan*, 443 U.S. 137, 140 n. 1, 99 S.Ct. 2689, 2692 n. 1, 61 L.Ed.2d 433 (1979). The substantive rights to life and liberty guaranteed by the due process clause of the Fourteenth Amendment may be among these, at least under some circumstances, though at present that question is uncertain.[2] *Compare Jackson v. City of Joliet*, 715 F.2d 1200, 1204 (7th Cir.1983), *cert. denied*, 465 U.S. 1049, 104 S.Ct. 1325, 79 L.Ed.2d 720 (1984) *and Young v. City of Killeen*, 775 F.2d 1349 (5th Cir.1985) (both apparently requiring intent) *with Davidson v. O'Lone*, 752 F.2d 817, 828 (3d Cir.1984), *cert. granted sub nom. Davidson v. Cannon*, 471 U.S. ——, 105 S.Ct. 2673, 86 L.Ed.2d 692 (1985) (gross negligence); *Kelson v. City of Springfield*, 767 F.2d 651 (9th Cir.1985) (negligence); *Gann v. Schramm*, 606 F.Supp. 1442 (D.Del.1985) (case-by-case analysis). In such cases what began as a substantive claim against conduct may shade into a claim for negligent deprivation without procedural due process and then the adequacy of state remedies may be relevant. *See, e.g., State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1147 (7th Cir.1983), *cert. denied*, 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 686 (1983); *Davidson*, 752 F.2d at 829–830.[3]

---

**2.** As this case was being decided, the Supreme Court answered part of the question with its decisions in *Daniels v. Williams*, —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662, and *Davidson v. Cannon*, —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677, (1986). The court held in those cases that injury to liberty or property stemming from ordinary negligence by a state official is not a deprivation within the meaning of the due process clause. However, it expressly left open the question of whether an official's grossly negligent conduct would infringe a substantive right guaranteed by the due process clause of the Fourteenth Amendment. *Daniels*, —— U.S. at —— n. 3, 106 S.Ct. at 667 n. 3, 88 L.Ed.2d 670.

**3.** *St. Charles* has been cited on behalf of the proposition that the Seventh Circuit applies *Parratt* to deprivations of life. *See, e.g., Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir.1984); *Kufalk v. Hart*, 610 F.Supp. 1178, 1190 (N.D.Ill. 1985). In fact, the opinion makes clear that the court was unsure about the reach of *Parratt* and based its judgment on alternative holdings. If *Parratt* applied, the plaintiff had an adequate remedy in a wrongful death action. If it did not, then defendants had been at most negligent in circumstances where intent or recklessness was necessary to violate decedent's rights. *St. Charles*, 712 F.2d at 1147 and n. 5. *Bell* has presumably superseded the former alternative. 746 F.2d at 1238 n. 39; see discussion *infra*.

That question, however, is not at issue in this case. Whatever the eventual result when the state is negligent, the Seventh Circuit held in *Bell* that intentional or reckless deprivation of life by the state violates a substantive constitutional guarantee. *Bell*, like the instant case, involved a fatal shooting by a police officer without apparent cause. The victim in *Bell* had been stopped for a faulty taillight. He was recklessly shot while attempting to flee. The court found that his next of kin had § 1983 claims notwithstanding the existence of a state wrongful death action. 746 F.2d at 1238. *Cf. Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir.1985) (substantive right violated when innocent resident recklessly mistaken for fugitive and killed); *Holland v. Breen*, 623 F.Supp. 284 (D.Mass.1985) (callousness toward detainee allowing his suicide was conduct which shocks the conscience, infringing substantive right). In the same opinion it also held that a parent has a substantive liberty interest not to be deprived of the society of his or her child by the state without due process of law. *Bell*, 746 F.2d at 1244. The interest encompasses adult children, and an intentional, reckless or lawless killing of the child violates the parent's substantive constitutional guarantees. *Id.* at 1242, 1245. *Cf. Trujillo v. Board of County Commissioners*, 768 F.2d 1186 (10th Cir.1985). Presumably defendants do not argue that firing seven times at a man in bed, without provocation, is not either intentional or reckless. At least for the purposes of this motion to dismiss, then, Gregory and Roosevelt Shearer's substantive constitutional guarantees were violated.[4] In addition, the *Bell* court expressly noted in passing that for such violations *Parratt's* concern with the adequacy of state remedies does not apply. 746 F.2d at 1238 n. 39; *see also Kufalk v. Hart*, 610 F.Supp.

1178, 1190 (N.D.Ill.1985). Plaintiffs state a claim under § 1983.

## II.

■ It is possible, however, that recovery under that claim might be limited to the recovery available under the Illinois Wrongful Death Act. Selection of the appropriate law for § 1983 actions is governed by 42 U.S.C. § 1988. That section mandates a three-step process. First, one uses federal civil rights law unless that law is "deficient" in that it fails to provide a rule for the particular problem at hand. If federal law is deficient, then one considers turning to the most closely analogous state law to fill the gap. State law, however, can only be used insofar as it is consistent with the meaning and purpose of § 1983. If it is inconsistent it must be disregarded and the court must fashion a remedy from federal common law. *See Burnett v. Grattan*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1188 (7th Cir.1985); *Bell*, 746 F.2d at 1234.

Defendants, then, may be arguing that the proper application of § 1988 here leads to § 1983 actions identical in all respects with the Illinois wrongful death action. In *Bell*, the Seventh Circuit applied § 1988 to the various civil rights claims and found that federal law was deficient. It provided no specifics on, for example, whether the deceased's right of action survived his death; if so, who may bring that action; and what the measure of damages should be. 746 F.2d at 1234. Federal law is similarly deficient in the case at bar. The *Bell* court then turned to Wisconsin law to see if it could fill the vacuum. In that case, ultimately it could not. The court found it too restrictive with, for example, a maximum damage recovery of $25,000 for loss of society, and developed a federal remedy.

---

4. *Bell* based its holdings on the substantive rights guaranteed by the due process clause of the Fourteenth Amendment. Plaintiffs here allege violations of the Fourth and Fifth Amendments, as well as the Fourteenth. Note that at least in some circumstances a death at the hands of police officers can be characterized as

an unreasonable seizure and therefore a Fourth Amendment violation. *Tennessee v. Garner*, 471 U.S. ——, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). *Parratt* itself distinguished claims involving violations of substantive rights under the Fourth Amendment. 451 U.S. at 536, 101 S.Ct. at 1913.

746 F.2d at 1250–1251. Defendants point out that Illinois has no maximum damage limit. Characterizing *Bell* as essentially a damage limitation case, they argue that Illinois' tort remedy for wrongful death, unlike Wisconsin's, is sufficiently consistent with the purpose of § 1983 to apply in this situation. *Cf. Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978); *Brown v. Morgan County*, 518 F.Supp. 661 (N.D.Ala.1981). Thus, while plaintiffs have a federal claim, defendants maintain that it should be defined by Illinois law.[5] Either the federal or state claim might then be subject to dismissal as surplusage or double recovery. *See Cain v. City of Chicago*, 619 F.Supp. 1228, 1232 n. 6 (N.D.Ill.1985).

## A.

The Seventh Circuit in *Bass*, 769 F.2d 1173, did not read *Bell* as turning solely on maximum damage limits. In a civil rights action against prison medical personnel on behalf of a prisoner who died of cardio-respiratory arrest while confined, the trial judge had given an instruction on damages which tracked Illinois' wrongful death law. The Court of Appeals, following *Bell*, found the instruction's use of state law reversible error. Illinois' wrongful death law was not consistent with the meaning and purpose of § 1983. *Bass*, 769 F.2d at 1190.

*Bell* involved much more than a damage limitation. It described "the fundamental policies behind section 1983" as "compensation for and deterrence of unconstitutional acts committed under state law." 746 F.2d at 1239. *See Carey v. Piphus*, 435 U.S.

247, 257–258, 98 S.Ct. 1042, 1049, 55 L.Ed.2d 252 (1978). State law which does not promote those policies cannot be used for a § 1983 action. The law under consideration in *Bell* did not allow damages for loss of life itself but rather only for pecuniary losses. It also barred punitive damages. The court found that these provisions failed to compensate and deter. When the victim died as a result of the unconstitutional act, § 1983 required damages for loss of life. When the conduct involved intent, recklessness or callous indifference, § 1983 required punitive damages. 746 F.2d at 1240–1241.

Illinois' wrongful death law suffers from the same weaknesses. Damages are limited by statute to the beneficiary's pecuniary losses as a result of the death. Ill.Rev. Stat. ch. 70, ¶ 2. While pecuniary loss has been defined broadly to include several types of non-monetary loss, *see, e.g., Bullard v. Barnes*, 102 Ill.2d 505, 468 N.E.2d 1228, 82 Ill.Dec. 448 (1984), there is no recovery for loss of life itself. *Bass*, 769 F.2d at 1189. Similarly, punitive damages are not available. *Winter v. Schneider Tank Lines, Inc.*, 107 Ill.App.3d 767, 438 N.E.2d 462, 63 Ill.Dec. 531 (1st Dist.1982). *Bell*, therefore, dictates that "such restrictive state laws must give way to federal common law rules that permit recovery." *Bass*, 769 F.2d at 1190. In a § 1983 action where the constitutional violation has caused death, the *Bass* court found that regardless of Illinois law the victim's beneficiaries should be able to recover damages for loss of life and punitive damages. Therefore the claim brought by plaintiff Doty is not limited to the recovery permitted by state law.

---

**5.** Here, as in the discussion *supra,* this court attempts to interpret defendants' argument in a way that would make legal sense. In fact, defendants' brief appears to confuse the issue of consistency of state law under § 1988 with that of adequacy of state law in *Parratt* and its progeny. Defendants seem to think that a conclusion in a § 1988 analysis that state law would be consistent and so should be borrowed is grounds for dismissal. But a § 1983 claim which borrows state law to define its elements or recovery is still a federal claim, and it is not subject to dismissal for that reason. The *Parratt*

line of cases, on the other hand, involve a determination that no claim exists because no constitutional right has been violated. Where the procedure required by due process cannot in practice be followed before a deprivation, in some cases the existence of remedies after the deprivation will satisfy due process, and therefore procedural due process rights have not been infringed. But to be precise, the claim is dismissed not because of the adequacy of state law as such, but rather because there has been no deprivation of federal rights.

## B.

Applying § 1988 in the manner used in *Bell* and *Bass* to Roosevelt Shearer's § 1983 claim for loss of his child's society, Illinois law again does not control. While the claim does not face a statutory damage limit, as the claim in *Bell* did, nevertheless it is limited by other restrictions similarly inconsistent with federal policy. First, a parent does not have an independent action for loss of society in Illinois. Loss of society can be considered as a component of the pecuniary loss in a wrongful death action. *Bullard*, 102 Ill.2d at 515, 468 N.E.2d at 1234, 82 Ill.Dec. at 454. However, the claim does not stand alone. A parent can only recover as a beneficiary under that Act, and he will only be a beneficiary if he is a "next of kin" under ch. 70, ¶ 2. If the deceased leaves a child, the parent is not "next of kin" and has no claim. *Rodgers v. Consolidated Railroad Corp.*, 136 Ill. App.3d 191, 482 N.E.2d 1080, 90 Ill.Dec. 797 (4th Dist.1985). *Bell*, however, found that a parent has a constitutional right not to be lawlessly deprived of the society of his child. 746 F.2d at 1244. A state law which would make his redress for that right hinge on the accident of whether or not his son left a child cannot be consistent with the meaning and purpose of § 1983.

Further, the Illinois claim for loss of society damages in a wrongful death action is heavily weighted toward damages based on economic factors. For example, the parent of a minor child is not entitled to damages for loss of life, but merely to a rebuttable presumption of pecuniary injury through loss of the child's society. That pecuniary injury figure then must be reduced by the money the parent has saved by not having to raise the dead child to adulthood or put it through college. *Bullard*, 102 Ill.2d at 517–518, 468 N.E.2d at 1234–1235, 82 Ill.Dec. at 454–455. The parent of an adult child is, at least in one appellate district, not even entitled to a presumption of pecuniary loss. He can only recover if he can show actual loss, for example because the child provided housing for him. *Ballweg v. City of Springfield*, 130 Ill.App.3d 241, 473 N.E.2d 342, 84 Ill.

Dec. 941 (4th Dist.1984). And, by statute, the total recovery in a wrongful death action, including any loss of society damages, is divided between the spouse and the next of kin on the basis of the "degree of dependency." Ch. 70, ¶ 2; *see In re Estate of Keeling*, 133 Ill.App.3d 226, 478 N.E.2d 871, 88 Ill.Dec. 380 (3d Dist.1985).

The *Bell* court, in discussing a parent's loss of society claim, did not indicate a concern with economic factors but rather with factors inherent in an emotional relationship. The liberty interest it described belongs to parents of minor and adult children alike, regardless of dependency. 746 F.2d at 1245. It referred to components such as care, companionship and warmth, and called the deprivation of the child through death not a pecuniary loss but "the annihilation of the parent-child relationship." *Id.* at 1245. An Illinois court has already determined, in a choice of law case, that Illinois' wrongful death law is so weighted toward economic factors that it conflicts with law based on a policy of compensation for loss of companionship and destruction of family relationships. *Estate of Barnes*, 133 Ill.App.3d 361, 478 N.E.2d 1046, 88 Ill.Dec. 438 (1st Dist.1985). Yet, compensation for such losses, according to *Bell*, is precisely the meaning and purpose of a § 1983 loss of society claim.

Illinois tort law for wrongful death is inconsistent with the meaning and purpose of § 1983 in several key respects. In an action brought on behalf of the spouse and next of kin, it allows no recovery for loss of life and no punitive damages. For a parent's claim for loss of society of his son, it permits no right of action independent from the wrongful death claim. A civil rights action should include all of these. Further, it awards and distributes damages on the basis of economic factors, whereas federal civil rights concerns demand compensation for intangible losses. Plaintiffs have § 1983 actions which are separate and distinct from the Illinois wrongful death claim.

## CONCLUSION

Defendants' motion to dismiss count I is denied.