*In re* ESTATE OF WILLIAM L. KEELING, Deceased (Peni Keeling *et al.*, Petitioners-Appellants, v. Lucille Keeling, Respondent-Appellee).

Third District   No. 3—84—0657

Opinion filed May 14, 1985.

Paul E. Root, of Gomien & Root, of Morris, for appellants.

Alfred F. Decker, of Kenosha, Wisconsin, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Petitioners, daughters of decedent, appeal distribution of entire wrongful-death award to respondent, decedent's surviving spouse. We reverse.

Decedent (William) was killed in an automobile accident in June 1982. Respondent (Lucille), as administratrix, settled a wrongful-death claim with State Farm Insurance. The estate was awarded $100,000. Lucille, individually, received a settlement that is not being contested. The trial court held that the award to the estate was to be distributed pursuant to the Wrongful Death Act. The court ordered that briefs be submitted and arguments be heard on the matter of distribution. In an order dated September 13, 1984, the court determined that Lucille should be the recipient of the entire award. The daughters bring this timely appeal.

William's only heirs at law were the parties involved here. Lucille was William's fourth wife. Petitioners (Peni and Terri) are his only children, the result of his first marriage. Peni and Terri were adults at the time of William's death. It is undisputed that William enjoyed a close relationship with Peni and Terri. William frequently saw his daughters on weekends. He also helped them financially. He gave them each a car and provided money for groceries, gasoline, and various bills. Peni, Terri and Lucille received various benefits on the death of William. Peni and Terri bore the expense of the funeral; Lucille refused to contribute.

The threshold question we face is whether Peni and Terri could be entitled to an award. The relevant statute reads, "[T]he amount recovered *** shall be for the exclusive benefit of the surviving spouse and next of kin *** [and damages shall be given] with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person." Ill. Rev. Stat. 1983, ch. 70, par. 2.

"Pecuniary injuries" has been interpreted "broad[ly] enough to in-

clude *** deprivation of the companionship, guidance, advice, love and affection of the deceased." (*Hall v. Gillins* (1958), 13 Ill. 2d 26, 31, 147 N.E.2d 352.) It has been expanded to include the right to recover for loss of consortium. *Elliott v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163.

The situation we are presented with seems to be a case of first impression. We have cases that have encompassed practically all the variations regarding recovery for loss of society. The leading case is *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228. That case created a presumption of a parent's loss of society of a minor child and allowed the parents to recover.

The first district held that the parent of an unmarried adult decedent was entitled to recovery. The court also found that the parents were entitled to the presumption of loss of society. "We *** do not believe that the age of the child *** should be decisive ***." (*Prendergast v. Cox* (1984), 128 Ill. App. 3d 84, 88, 470 N.E.2d 34.) *Prendergast*, however, did not allow recovery to adult siblings or collateral heirs.

The fourth district also allowed a parent to recover loss of society if the child had reached the age of majority. That court, however, contrary to *Prendergast*, found it "reasonable to require a plaintiff to prove loss of society, where it exists, rather than to presume such a loss in all cases." *Ballweg v. City of Springfield* (1984), 130 Ill. App. 3d 241, 248, 473 N.E.2d 342.

■■ ■ We are faced in this case with adult children seeking damages for the loss of a parent. If a parent may maintain an action for the loss of society of an adult child, then conversely, an adult child should be allowed to maintain an action for the loss of society of a parent. Since this case arose from a distribution of a settlement, we decline to determine whether a *presumption* of loss of society should apply. Lucille all but concedes that the daughters could recover, but we have made this determination in the interest of insuring a correct application of the law. We find that Peni and Terri have established that a relationship with their late father existed to such an extent that they suffered a loss of his society. We find Peni and Terri are dependent as contemplated by the statute.

Thus, the question is whether the trial court properly granted the entire award to Lucille. Both parties agree that the statute relevant to this distribution is section 2 of the Wrongful Death Act. It reads in pertinent part:

"The amount recovered in any such action shall be distributed *** in the case of an agreed settlement, by the circuit court, to

each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." Ill. Rev. Stat. 1983, ch. 70, par. 2.

"Dependency" has not been defined by the legislature. Until 1955, wrongful-death proceeds were distributed by intestate succession. Then, the act was amended to provide distributions based on dependency. Lucille contends that if we allow recovery to Peni and Terri, we will return to the intestate succession provisions of the former law. We do not believe this to be so. The statute speaks in terms of dependency *vis-a-vis* other dependents.

Lucille suggests that she is entitled to the entire award because she is the widow who was 100% dependent upon William. This is an improper construction of the statute. Lucille's dependence upon William is to be compared with Peni and Terri's. The fallacy of Lucille's argument is shown when applying it to a situation where many people are entirely dependent upon the deceased. The legislature's amendment providing for proportional dependency anticipates such a problem. The trial court is to determine the proportion of dependency and make an award along those lines, which we find it did not do.

■ We will not hold, as a matter of law, that emancipated children from a prior marriage cannot establish some dependence upon the deceased enabling them to recover under the Wrongful Death Act. While it may be true that Lucille was completely dependent upon William, the record before us shows the existence of dependency on William by Peni and Terri, too. The trial court should use its sound discretion in analyzing the evidence for the amount of support, love, advice, etc., that William gave to Lucille and to Peni and Terri.

Therefore, the order of the circuit court of Grundy County is reversed. This cause is remanded to the trial court for a determination of the percentages of dependency maintained by the parties and a division of the award appropriately between the daughters and Lucille.

Reversed and remanded with directions.

HEIPLE, P.J., and BARRY, J., concur.