771 F.2d 338
 In re AIR CRASH DISASTER NEAR CHICAGO, ILLINOIS, ON MAY 15, 1979.
Richard J. MORUZI, Administrator of the Estate of Debra A.
Moruzi, Deceased, Plaintiff-Appellee,
v.
McDONNELL DOUGLAS CORPORATION and American Airlines, Inc.,
Defendants-Appellants.
 No. 84-2774.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 25, 1985.
Decided Sept. 4, 1985.
 
 Terrence J. Lavin, Corboy & Demetrio, P.C., Chicago, Ill., for plaintiff-appellee.
 Norman J. Barry, Rothschild Barry & Myers, Chicago, Ill., for defendants-appellants.
 Before BAUER and WOOD, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 HARLINGTON WOOD, Jr., Circuit Judge.
 
 
 1
 This appeal involves a single issue: whether an adult sibling may recover damages under the Illinois Wrongful Death Act for loss of an adult decedent's society. We hold that Illinois law does not permit such recovery.
 
 
 2
 Twenty-one-year-old Debra Moruzi died when a DC-10 jet aircraft on which she was a passenger crashed shortly after takeoff from O'Hare International Airport on May 25, 1979. The present action, brought by Debra's father Richard as administrator of her estate, was tried by a jury on September 18-20, 1984. The jury awarded damages of $250,000.00 to Debra's parents, Richard and Lillian, and damages of $25,000.00 to Debra's brother, Michael, who was eighteen at the time of the crash. The defendants appeal only the $25,000.00 award to Michael Moruzi; both parties agree that this award is primarily compensation for loss of Debra's society.
 
 
 3
 The Illinois Wrongful Death Act provides that a jury "may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from [a wrongful death] to the surviving spouse and next of kin of such deceased person." Ill.Rev.Stat. ch. 70, p 2 (1983). In interpreting this statute, Illinois courts have made two distinctions. First, a plaintiff can recover damages only for pecuniary injuries. For example, the emotional distress of the next of kin is not a pecuniary injury and is therefore never compensable under the Wrongful Death Act. See Zostautas v. St. Anthony De Padua Hospital, 23 Ill.2d 326, 337, 178 N.E.2d 303, 308 (1961); see also Elliott v. Willis, 92 Ill.2d 530, 537-40, 65 Ill.Dec. 852, 856-57, 442 N.E.2d 163, 167-68 (1982). If the spouse or next of kin did suffer a pecuniary injury, the court decides whether they are entitled to a presumption that such a loss is substantial. A widow or minor child is presumed to have suffered a pecuniary loss when a husband or father dies, but a collateral heir may collect only such pecuniary damages as are proved. See Franko v. Crosby, 278 Ill.App. 416, 423 (1935).
 
 
 4
 In the present case, the plaintiff concedes that, as the brother of the decedent, Michael was not entitled to a presumption of a pecuniary injury. The plaintiff contends, however, that a brother's loss of society falls within the definition of "pecuniary injury." As plaintiff notes, the Illinois Supreme Court has recently broadened the definition of pecuniary injuries compensable under the Wrongful Death Act. In Elliott v. Willis, the Illinois Supreme Court held that, "to be consistent with the broad interpretation of 'pecuniary injuries' under the Wrongful Death Act," a spouse's loss of consortium was a pecuniary injury. 92 Ill.2d at 540, 65 Ill.Dec. at 857, 442 N.E.2d at 168. Last year, in Bullard v. Barnes, 102 Ill.2d 505, 515, 82 Ill.Dec. 448, 453, 468 N.E.2d 1228, 1233 (1984), the Court held that parents may recover for loss of their children's society. In a decision released after the present case was tried, however, an Illinois appellate court held that the Illinois Wrongful Death Act did not permit adult siblings to recover for loss of an adult brother's society. Prendergast v. Cox, 128 Ill.App.3d 84, 88-89, 83 Ill.Dec. 279, 282, 470 N.E.2d 34, 37 (1st Dist.1984). Another Illinois appellate court decision discloses that an Illinois trial court would allow a brother to recover for loss of society, but the defendant in that case did not appeal the loss of society issue. See Ballweg v. City of Springfield, 130 Ill.App.3d 241, 247, 84 Ill.Dec. 941, 945, 473 N.E.2d 342, 346 (4th Dist.1984) (trial court's jury instructions would allow brothers to recover for loss of society). Thus only the Prendergast decision discusses the issue presented by this appeal. Although this court is not bound by a state appellate court interpretation of state law if we are convinced that the state supreme court would decide the issue differently, see Commissioner v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967), we think the Prendergast decision accurately reflects Illinois law and therefore follow it.
 
 
 5
 Prendergast held that adult siblings could not collect damages for loss of society for two reasons: (1) because the relationship between adult siblings is not the same type of special relationship shared by spouses and by a parent and child and (2) because the Illinois Supreme Court explicitly limited its holding in Bullard to the facts of that case. 128 Ill.App.3d at 88-89, 83 Ill.Dec. at 282, 470 N.E.2d at 37. The persuasiveness of the first reason is undercut to some extent by the Prendergast court's reliance on cases that held that linear heirs are entitled to a presumption of substantial pecuniary injury but collateral heirs can recover only for such pecuniary injury as they prove. See id. These cases are from the second step of the damages analysis (whether a presumption exists) and stand only for the proposition that collateral heirs are not presumed to have suffered a pecuniary injury. They do not, by themselves, suggest that the difference between linear and collateral relationships is so great that siblings and other collateral heirs can never recover for loss of society.
 
 
 6
 We therefore turn to the second reason given by the Prendergast court for not expanding the definition of pecuniary injury to include loss of an adult sibling's society. There is some logic to plaintiff's argument that pecuniary injury should mean the same thing for linear and collateral heirs and that the type of relationship (linear or collateral) should affect only whether the plaintiff is entitled to a presumption of a substantial loss.[1] But, to date, the Illinois Supreme Court has allowed only spouses and linear heirs to recover for loss of society. In Elliott, the Court held that a surviving spouse could recover damages for loss of consortium. 92 Ill.2d at 539-40, 65 Ill.Dec. at 857, 442 N.E.2d at 168. In Bullard, the Illinois Supreme Court expanded the definition of pecuniary injury but phrased its holding very specifically: it held not that the term pecuniary injury included a general loss of society but instead that the definition included a parent's loss of a child's society. 102 Ill.2d at 515, 82 Ill.Dec. at 453, 468 N.E.2d at 1233. If the Illinois Supreme Court wanted to allow both linear and collateral heirs to recover for loss of society, it could have held that a loss of society is a pecuniary injury. As the Prendergast court noted, the holding of Bullard suggests that the Illinois Supreme Court intended a cautious expansion of recovery in this area of law. See Prendergast, 128 Ill.App.3d at 89, 83 Ill.Dec. at 282, 470 N.E.2d at 37. Furthermore, the Bullard holding followed a general trend among state courts to allow parents to recover for the loss of a child's society. See Bullard, 102 Ill.2d at 512-13, 82 Ill.Dec. at 452, 468 N.E.2d at 1232 (14 of 23 jurisdictions limiting wrongful death recoveries to pecuniary losses allow parents to recover for loss of a child's society). We find no similar trend among states to allow adults to recover for loss of an adult sibling's society. But see Crystal v. Hubbard, 414 Mich.297, 322-26, 324 N.W.2d 869, 879-81 (1982); Caradori v. Fitch, 200 Neb. 186, 194, 263 N.W.2d 649, 655 (1978); LaForest v. Autoridad de Las Fuentes Fluviales de Puerto Rico, 536 F.2d 443, 445 (1st Cir.1976) (Puerto Rico). The Illinois Supreme Court may someday hold that an adult sibling can recover for loss of society under the Illinois Wrongful Death Act, but we decline to take that expansive step for the Court. We therefore find the second reason given by the Prendergast court to be persuasive and we hold that Illinois law does not permit adult siblings to recover for loss of society.
 
 
 7
 For the foregoing reasons, the judgment of $25,000 for Michael Moruzi is reversed. Since Michael offered no evidence of damages other than his loss of society, he is not entitled to a new trial on damages.
 
 REVERSED.[2]
 
 
 [1]
 The trial court in Ballweg apparently followed this approach when it instructed the jury that the brothers' pecuniary losses included any loss of society. See 130 Ill.App.3d at 247, 84 Ill.Dec. at 945, 473 N.E.2d at 346. On appeal, the Ballweg defendants argued only that the trial court erred in instructing the jury that the parents were entitled to a presumption of a loss of society, and thus the appellate court never addressed the issue whether collateral heirs could recover for loss of society
 
 
 [2]
 In light of our decision in this case, the defendants' motion to certify the question to the Illinois Supreme Court is denied