June L. McBRIDE, individually and as administrator of the Estate of Thomas G. McBride, deceased, Carol McBride as mother, next friend and guardian of the estates of Jennifer McBride, Lauren McBride and Thomas J. McBride, Mary McBride and Jeanne Garza, Plaintiffs,

v.

Guy A. LINDSAY, a sergeant in the Chicago Police Department, Lynn Lopit, an officer in the Chicago Police Department, Rocco Nero and Brodie Dortch, Deputy Sheriffs of Cook County, The City of Chicago, Defendants.

No. 88 C 10928.

United States District Court, N.D. Illinois, E.D.

July 24, 1989.

David J. Letvin, Letvin & Stein, Chicago, Ill., for plaintiffs.

Kelly R. Welsh, Arthur Mooradian, James J. Ryan, Yvonne D. Spradley, Asst. Corp. Counsel, Judson H. Miner, Corp. Counsel, City of Chicago, Madeleine S. Murphy, Asst. State's Atty., and Richard M. Daley, States Atty. of Cook County, Chicago, Ill., for defendants.

### ORDER

NORGLE, District Judge.

Before the court are the separate, but identical, motions, pursuant to Fed.R.Civ.P. 12(b)(6), of the Chicago Police Officer defendants, Guy A. Lindsay and Lynn Lopit, and the Cook County Deputy Sheriff defendants, Rocco Nero and Brodie Dortch, (collectively the "individual defendants") to dismiss Count V of plaintiffs' amended complaint. They will be treated as a single motion, which, for the following reasons, is granted.

### FACTS

On May 17, 1988 at approximately 8:20 p.m., Thomas G. McBride (the "decedent") was observed by the individual defendants on 47th Street, east of South Emerald, in the City of Chicago. He was in an intoxi-cated state. Plaintiffs admit that he was under the influence of phencyclidine. Defendants assert that he was also under the influence of cocaine and alcohol. The individual defendants restrained decedent, placed him in a squad car and transported him to Mercy Hospital, where he was pronounced dead.

Plaintiffs, the mother, children, siblings and administrator of the estate of the decedent, allege that the cause of the decedent's death was asphyxia caused by the application of a "choke" hold by Lindsay with the "assistance, cooperation, consent and approval" of the remaining individual defendants. Plaintiffs initially brought the following claims:

Count I: the administrator's claim under 42 U.S.C. §§ 1983 and 1988 for damages sustained by the deceased from deprivation of life and fourth, fifth, eighth and fourteenth amendment rights.

Count II: the administrator's claim under the Survival Act and Wrongful Death Act for conscious pain and suffering and for loss of support sustained by decedent's minor children.

Count III: decedent's children's claim under §§ 1983 and 1988 for loss of society, companionship and support of and from decedent.

Count IV: the mother's claim under §§ 1983 and 1988 for loss of society and support and loss of parent-child relationship.

Count V: the siblings claims under §§ 1983 and 1988 for loss of society and companionship and loss of sibling relationship.

The individual defendants moved to dismiss Count I to the extent that it asserted claims under the fifth and eighth amendment. Defendants deemed the fifth amendment claim inappropriate as none of the individual defendants are federal officials. *See, Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The applicability of the eighth amendment's protections, which attach only after conviction, were also challenged, as no allegations of conviction were made. *See, United States v. Lovett,* 328 U.S. 303, 317–18,

66 S.Ct. 1073, 1079–80, 90 L.Ed. 1252 (1946). Finally, the individual defendants sought to dismiss Count V in its entirety on the grounds that the siblings do not have a constitutionally protected liberty interest necessary to invoke § 1983.

In their response to the individual defendants' motion to dismiss, the plaintiffs "moved" pursuant to Fed.R.Civ.P. 41(a)(2) to voluntarily non-suit, without prejudice, the administrator's claims alleging deprivation of fifth and eighth amendment rights. Plaintiffs never filed a separate motion to voluntarily dismiss. Subsequently, during the pendency of this motion, plaintiffs did move to amend their complaint to add a sixth count against the City of Chicago. In moving to amend, the plaintiffs indicated that the amended complaint would be identical to the original complaint, except for the inclusion of the City of Chicago as a party and the omission of the fifth and eighth amendment claims. Plaintiffs were granted leave to amend their complaint. As a point of clarification, plaintiffs' voluntary dismissal of their fifth and eighth amendment claims, through their amendments, was allowed, but the dismissal was with prejudice.

In any event, as a result of the amendments, only the portion of the motion to dismiss pertaining to Count V remains before the court.

### DISCUSSION

■ On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations con-

cerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

■ Taking plaintiffs' allegations as true, Count V must be dismissed. The Seventh Circuit has held that "under present constitutional authorities ... siblings cannot recover under § 1983." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1248 (7th Cir.1984). The siblings in *Bell* were also clearly barred from recovery for loss of society and companionship under Wisconsin's wrongful death act, Wis.Stat. § 895.04(4); 746 F.2d at 1250. Yet, this does not make *Bell* distinguishable, in the event the siblings in the instant case were to prevail in their argument that the Illinois Wrongful Death Act, Ill.Rev.Stat. ch. 70, ¶ 1 *et seq.*, allows siblings to be the beneficiaries of an action for loss of associational rights, thereby creating an interest, the deprivation of which provides the basis for their § 1983 claim. Whether the siblings may be the beneficiaries of an action under the Illinois Wrongful Death Act may be relevant, but only to whether the siblings can demonstrate the existence of a state law created interest which was deprived by state action. However, even if the siblings could be beneficiaries of an action under the Illinois Wrongful Death Act (which they could not),[1] the deprivation of their

---

1. The Wrongful Death Act provides that the amounts recovered under a wrongful death action "shall be for the exclusive benefit of the surviving spouse and next of kin ... [of the deceased] ... with reference to the pecuniary injuries resulting from such death ..." Ill.Rev. Stat. ch. 70, ¶ 2. Thus, in order to be a beneficiary under the Wrongful Death Act, one must

both be a "next of kin" and suffer "pecuniary injuries."

It is not yet settled by the Illinois courts whether adult siblings qualify as "next of kin" whose loss of society, resulting from the death of the decedent, constitutes a pecuniary injury. *See Carter v. Chicago & Illinois Midland Ry. Co.*, 168 Ill.App.3d 652, 119 Ill.Dec. 194, 522 N.E.2d 856

interest in sibling association, while remediable under state law, would still, under *Bell*, not be of constitutional significance. 746 F.2d at 1245–48.

Accordingly, Count V is dismissed with prejudice.

IT IS SO ORDERED.

(4th Dist.1988) (noting movement towards limitation of tort liability); *Prendergast v. Cox*, 128 Ill.App.3d 84, 83 Ill.Dec. 279, 470 N.E.2d 34 (1st Dist.1984) (holding siblings may not recover); and *Schmall v. Village of Addison*, 171 Ill. App.3d 344, 121 Ill.Dec. 452, 525 N.E.2d 258 (2d Dist.1988); *Singh v. Air Illinois, Inc.*, 165 Ill. App.3d 923, 117 Ill.Dec. 501, 520 N.E.2d 852 (1st Dist.1988); *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.*, 146 Ill.App.3d 116, 100 Ill.Dec. 114, 496 N.E.2d 1179 (1st Dist.1986). The Illinois Supreme court has yet to address the issue.

However, the Seventh Circuit, in a decision predating those appellate court decisions allowing recovery, determined that the Illinois Supreme court would hold that an adult sibling's claim for loss of society does not amount to the pecuniary injury necessary to allow recovery under the Wrongful Death Act. *Moruzi v. McDonnell Douglas Corporation*, 771 F.2d 338 (7th Cir. 1985). *Moruzi* was based upon the court's interpretation of *Bullard v. Barnes*, 102 Ill.2d 505, 82 Ill.Dec. 448, 468 N.E.2d 1228, 1233 (1984). In *Bullard*, the court expanded the class of beneficiaries eligible for recovery under the Wrongful Death Act by in.erpreting the term "pecuniary injuries" to include a parent's loss of a child's society. 102 Ill.2d at 515, 82 Ill.Dec. at 453, 468 N.E.2d at 1233. In deciding that the Illinois Supreme Court would not expand the class of

beneficiaries further to allow adult siblings to recover, the Seventh Circuit focused on the limited holding of *Bullard* which declined to interpret pecuniary injuries to encompass all loss of society, whether by lineal or collateral heirs. *Moruzi*, 771 F.2d at 340. This, the *Moruzi* court interpreted as an indication "that the Illinois Supreme Court intended a cautious expansion of [the class of beneficiaries eligible for] recovery ..." *Id.; citing Prendergast*, 128 Ill.App.3d at 89, 83 Ill.Dec. at 282, 470 N.E.2d at 37. Subsequent appellate court decisions to the contrary have not eroded the soundness of the reasoning in *Moruzi*, leaving its precedential status intact. *See also Means v. City of Chicago*, 535 F.Supp. 455, 465 (N.D.Ill.1982) (pre-*Bullard*).

Plaintiffs have advanced well grounded arguments against discriminating between lineal and collateral heirs and in favor of making all next of kin eligible to benefit from a wrongful death action, with actual recovery allowed, not based on any presumption of pecuniary loss, but only where a "pecuniary loss" is demonstrated. Yet, while the Seventh Circuit did acknowledged that "[t]he Illinois Supreme Court may someday hold that an adult sibling can recover for loss of society under the Illinois Wrongful Death Act, [it] ... decline[d] to take that expansive step for the Illinois Supreme Court." 771 F.2d at 340.