THOM MOSS, as Adm'r of the Estate of David W. Hesler, Deceased, Plaintiff-Appellant, v. JAMES A. WHITAKER et al., Defendants-Appellees.

Fourth District   No. 4—90—0831

Opinion filed June 5, 1991.

Wilson, Dyar, Moss & Statzer, of Decatur (Darrell E. Statzer, Jr., of counsel), for appellant.

James V. Mancuso, Jr., of Decatur, for appellees.

JUSTICE GREEN delivered the opinion of the court:

In this case we are again requested to hold that in a proceeding under the Wrongful Death Act (Act) (Ill. Rev. Stat. 1989, ch. 70, pars. 1 through 2.2) a personal representative may recover on behalf of a sibling who is a next of kin for the loss of society and companionship of the decedent. We refused to do so in *Carter v. Chicago & Illinois Midland Ry. Co.* (1988), 168 Ill. App. 3d 652, 522 N.E.2d 856, *appeal denied* (1988), 122 Ill. 2d 571, 530 N.E.2d 240, and we adhere to that determination here.

█ On August 20, 1990, plaintiff Thom Moss, as administrator of the estate of David W. Hesler, deceased, filed suit in the circuit court of Macon County against defendants James A. Whitaker and Ben Whitaker seeking damages under the Act for the death of the decedent allegedly arising from the tortious conduct of defendants. Counts II and IV alleged Thomas Hesler, decedent's brother and sole next of kin, had suffered a loss of decedent's society and companionship as a result of decedent's death and sought recovery for that loss. Upon defendant's motion, the circuit court, citing *Carter*, dismissed those counts by an order made appealable by findings pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Plaintiff has appealed. The sole issue on appeal is whether a sibling who is a next of kin can recover under the Act for loss of the decedent's society and companionship. We agree with the trial court and affirm.

In *Carter*, this court noted that in recent years the Illinois Supreme Court had expanded the right to recover under the Act for loss of a decedent's society first to a surviving spouse (*Elliott v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163) and then to parents of a minor child (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228), but had not held that siblings could recover for loss of society. We also explained that the legislature had enacted sections 2—1116 and 2—1117 of the Code of Civil Procedure (Ill. Rev. Stat., 1986 Supp., ch. 110, pars. 2—1116, 2—1117), which placed limitations on tort liability. Under these circumstances, this court stated it saw "no indication of public policy which directs [it], as an intermediate court of review, to interpret a statute in a new way so as to expand tort coverage in an area where damages are so difficult to calculate and a monetary award will do nothing to alleviate the burden of the injury." *Carter*, 168 Ill. App. 3d at 660, 522 N.E.2d at 861.

Prior to the decision in *Carter*, the First Division of the First District Appellate Court had held that adult siblings who were next of kin of a decedent could not recover under the Act for the loss of society of the decedent, stating that for reasons set forth, "we refuse to expand the holding in *Bullard* to permit adult siblings to recover for loss of society" (*Prendergast v. Cox* (1984), 128 Ill. App. 3d 84, 89, 470 N.E.2d 34, 37). In addition, in the case of *In re Air Crash Disaster Near Chicago, Illinois, on May 15, 1979* (7th Cir. 1985), 771 F.2d 338, the Seventh Circuit Court of Appeals held the Illinois Supreme Court would likely refuse to extend the proposed coverage to siblings. The *Carter* opinion also explained that in *Chladek v. Albon* (1987), 161 Ill. App. 3d 884, 515 N.E.2d 191, the Fourth Division of the First District Appellate Court had apparently ruled that, at least when the decedent is a minor, both parents and siblings, if next of kin, can recover under the Act for loss of society.

Although not discussed in *Carter*, prior to that decision, the Third Division and the First Division of the First District Appellate Court, respectively, in *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.* (1986), 146 Ill. App. 3d 116, 496 N.E.2d 1179, and *Singh v. Air Illinois, Inc.* (1988), 165 Ill. App. 3d 923, 520 N.E.2d 852, had held that siblings may recover under the Act for the loss of society of a decedent. Those opinions distinguished *Prendergast* on a theory that in the latter case the court was merely ruling that no proof had been made of any damages arising from loss of society by the siblings.

Subsequent to *Carter*, in *Schmall v. Village of Addison* (1988), 171 Ill. App. 3d 344, 525 N.E.2d 258, *appeal denied* (1988), 122 Ill. 2d 594, the Second District Appellate Court, in a comprehensive opinion, held siblings can recover under the Act for loss of society of a decedent. In rejecting *Carter*, that court noted that the *Carter* opinion did not consider *Sheahan* and *Singh* and deemed the trend of the appellate cases to indicate expansion of the *Bullard* doctrine. The *Schmall* court also deemed important the opinion in *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373, wherein the court had held that under the Act, a presumption exists that parents suffer pecuniary damage for the loss of an emancipated child. The *Ballweg* opinion showed the jury had been instructed that siblings could recover for loss of society. However, no issue had been drawn on that point and the court did not discuss it.

■ The thrust of the *Schmall* reasoning is that pecuniary injury arises from damages to a family unit by loss of one of its members even when that member is a sibling, and the intent of the Act is to compensate with money those who suffer that loss. The thrust of our

decision in *Carter* is that in view of the apparent public policy of limiting exposure to liability for damages in tort, this court should not expand rights to recover in areas where an award does so little to alleviate the loss incurred. The issue between the districts of the appellate court is clearly drawn. We adhere to our position.

Accordingly, we affirm.

Affirmed.

LUND, P.J., and SPITZ, J., concur.