**Robert R. REISER, Sr., Independent Administrator of the Estate of Carol Ann Reiser, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 90 C 5875.

United States District Court, N.D. Illinois, E.D.

Feb. 26, 1992.

Todd A. Smith, Corboy & DeMetrio, P.C., Chicago, Ill., for plaintiff.

Linda A. Wawzenski, U.S. Attys. Office, Chicago, Ill., Douglas Coleman, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

On April 15, 1989 Carol Ann Reiser died when the single-engine Cessna 152 airplane she was piloting crashed during an attempted landing at DuPage Airport near West Chicago, Illinois. Plaintiff, Robert R. Reiser, Sr., independent administrator of the estate of Carol Ann Reiser, deceased, filed this action against defendant United States of America, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, claiming that the negligence of Federal Aviation Administration ("FAA") air traffic control personnel at DuPage Airport caused the death of Carol Ann Reiser.

On February 24, 1992, at the conclusion of a ten day bench trial, this court announced from the bench its findings and conclusions on the issue of liability. The court found that the negligence of the defendant's FAA personnel was 90% of the cause of Carol Ann Reiser's death and Ms. Reiser's negligence was 10% of the cause. The court also announced the proven loss of society suffered by Ms. Reiser's parents and adult siblings to be $2,009,375.00, which when reduced by the 10% cause resulting from decedent's negligence, was $1,808,437.50. In this memorandum opinion and order, the court will explain the findings of fact and conclusions of law which are the basis for the damage award in favor of the plaintiff of $1,814,493.30, upon which judgment is entered.[1]

1. The court, upon further review of its announced damages calculation, realized that the damage figure announced in open court of $2,009,375.00 did not include the $6,728.67 in funeral expenses stipulated to be reasonable by the parties. This figure should also be reduced

## DISCUSSION

### I. *Persons Eligible to Recover*

Under the Illinois Wrongful Death Act, Ill.Rev.Stat. ch. 70 ¶ 2, "just compensation with reference to pecuniary injuries resulting from" a wrongful death may be awarded to "the surviving spouse or next of kin of such deceased person." The term "next of kin" is interpreted in the technical sense under the Illinois system of intestate distribution. *See Schmall v. Village of Addison*, 171 Ill.App.3d 344, 351, 121 Ill. Dec. 452, 457, 525 N.E.2d 258, 263 (2d Dist.1988); *Rallo v. Crossroads Clinic, Inc.*, 206 Ill.App.3d 676, 680–81, 151 Ill.Dec. 744, 745–46, 565 N.E.2d 15, 16–17 (1st Dist. 1990).

Determined with reference to the intestacy statute, the "next of kin" of Carol Reiser, who was unmarried and had no children, are her parents and siblings. Ill. Rev.Stat. ch. 110½ ¶ 2–1(d). *Schmall v. Village of Addison*, 171 Ill.App.3d at 351, 121 Ill.Dec. at 457, 525 N.E.2d at 263. Consequently, those persons eligible to recover are Robert Reiser, Sr. and Joan Reiser (the parents of Carol Reiser), and Robert Reiser, Jr., Thomas Reiser, Sandra Parker and Kathleen Reiser (the brothers and sisters of Carol Reiser).

### II. *Distribution of Damages*

The Wrongful Death statute provides that the amount of recovery should be distributed by the court "to each of the surviving spouse and the next of kin of the deceased person in proportion, as determined by the court, that the percentage of dependency of each person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." Ill.Rev. Stat. ch. 70 ¶ 2.

"Dependency" includes loss of society. *In re Estate of Wiese*, 178 Ill.App.3d 938, 941–42, 128 Ill.Dec. 95, 97, 533 N.E.2d

by 10% to $6,055.80. Addition of this amount to the announced loss of society damages makes the appropriate compensatory damage judgment to be entered in favor of the plaintiff and against the defendant $1,814,493.30.

1183, 1185 (3d Dist.1989). *See also In re Estate of Keeling,* 133 Ill.App.3d 226, 228–29, 88 Ill.Dec. 380, 382–82, 478 N.E.2d 871, 873–73 (3d Dist.1985) (explaining that amendment of Wrongful Death Statute in 1955 changed method of distribution from intestate succession to degree of dependency). Applying these principles, the court has determined damages with respect to the relative dependence of each of the beneficiaries on the society of Carol Reiser, which was lost when she died on April 15, 1989. The annual damage figures announced for each beneficiary, which will be discussed later in the opinion, reflect the court's findings in this regard.

### III. *Reduction of Damages Based on Plaintiff's Fault*

Under Ill Rev.Stat. ch. 110 ¶ 2–1115, the plaintiff's recovery in actions for bodily injury or death is barred if the trier of fact finds that plaintiff's fault is more than 50% of the proximate cause of the injury. If the plaintiff's fault is not more than 50% of the proximate cause of the injury, recovery will not be barred but will be reduced in the proportion of the amount of fault attributable to the plaintiff. *See e.g., Fetzer v. Wood,* 211 Ill.App.3d 70, 155 Ill.Dec. 626, 569 N.E.2d 1237 (2d Dist.1991) (applying modified form of comparative negligence to wrongful death claims accruing after November 25, 1986, the enactment date of the statute). In its bench ruling of February 24, 1992, the court found that Carol Reiser's negligence was a 10% cause of the accident. Consequently, plaintiff's recovery is reduced by 10% of the total compensatory damages found by the court.

### IV. *Use of Life Expectancy Tables*

■ In making its damages determination, the court has employed the life expectancy table issued by the U.S. Department of Health and Human Services, which was contained in Plaintiff's Exhibit 42. Mortality tables are admissible in wrongful death actions on the subject of both the decedent's and the next of kin's life expectancy. *See* Illinois Pattern Jury Instructions (Civil), Instruction No. 31.13, approved in *Baird v. Chicago Burlington & Quincy*

*R.R. Co.,* 63 Ill.2d 463, 471, 349 N.E.2d 413, 417 (1976). Although future life expectancy is a factor in the damage award calculation, damages for loss of society are not reduced to present value. *See Drews v. Gobel Freight Lines, Inc.,* 144 Ill.2d 84, 161 Ill.Dec. 324, 578 N.E.2d 970 (1991).

### V. *Type of Damages Recoverable*

■ The FTCA bars recovery of punitive damages, i.e., damages the recoverability of which depends on proof that the defendant has engaged in intentional or egregious misconduct and the purpose of which is to punish. *See Molzof v. United States,* — U.S. —, 112 S.Ct. 711, 718, 116 L.Ed.2d 731 (1992). Additionally, Illinois law does not permit the recovery of punitive damages in a wrongful death action. *See e.g., In re Air Crash Disaster Near Chicago,* 644 F.2d 594, 605 (7th Cir. 1981).

■ Turning to compensatory damages, there was no evidence that Carol Reiser contributed actual financial support to any of her family members. The evidence presented on the damages issue related to the "loss of society" suffered by the Reiser parents and children as a result of Carol's death. Under Illinois law, the elements of loss of society include loss of the decedent's "love, affection, care, attention, companionship, comfort, guidance and protection." *Singh v. Air Illinois,* 165 Ill.App.3d 923, 933, 117 Ill.Dec. 501, 507, 520 N.E.2d 852, 858 (1st Dist.1988).

■ Parents of a decedent in a wrongful death action may recover for loss of a child's society. A parent's loss of his or her child's society is presumed, even if the child is an adult at the time of death. *See Ballweg v. City of Springfield,* 114 Ill.2d 107, 118–120, 102 Ill.Dec. 360, 365, 499 N.E.2d 1373, 1378 (1986). Robert Reiser, Sr. and Joan Reiser, the father and mother of the decedent, therefore possess a clear right of recovery in this case.

Some disagreement, however, surrounds the issue of an adult siblings' ability to recover for loss of society under Illinois wrongful death law. The Appellate Courts

of the First and Second District have held that adult siblings can recover for loss of society. *See e.g., Singh v. Air Illinois, Inc.,* 165 Ill.App.3d 923, 117 Ill.Dec. 501, 520 N.E.2d 852 (1st Dist.1988); *Schmall v. Village of Addison,* 171 Ill.App.3d 344, 121 Ill.Dec. 452, 525 N.E.2d 258 (2d Dist.1988). The Appellate Court of the Fourth District has held that siblings cannot recover for loss of society. *See e.g., Moss. v. Whitaker,* 214 Ill.App.3d 89, 157 Ill.Dec. 915, 573 N.E.2d 333 (4th Dist.1991). The issue is before the Illinois Supreme Court in *Zimmel v. Finley,* No. 71800. *See* Alison Hubbart, Siblings' Right to Recover Loss of Society Under the Wrongful Death Act, 80 *Ill.Bar.J.* 68–73 (Feb. 1992).

In *In re Air Crash Disaster Near Chicago, Illinois,* 771 F.2d 338 (7th Cir.1985), the Seventh Circuit addressed the issue of a siblings' right to recover for loss of society under Illinois wrongful death law. The court evaluated the question primarily in the light of the 1984 First District Appellate Court case of *Prendergast v. Cox,* 128 Ill.App.3d 84, 88–89, 83 Ill.Dec. 279, 282, 470 N.E.2d 34, 37 (1st Dist.1984), which had denied loss of society recovery to the adult siblings of a decedent.

According to the Seventh Circuit, the Illinois Appellate Court in *Prendergast* had forwarded two reasons for denying recovery for siblings: 1) the relationship between adult siblings is not the same type of special relationship enjoyed by spouses or lineal relations; and 2) the Illinois Supreme Court had demonstrated reluctance to expand loss of society recovery to adult siblings. *See In re Air Crash Disaster near Chicago,* 771 F.2d at 339. The Seventh Circuit found the first reason "unpersuasive" but decided nevertheless to follow *Prendergast* because of the second reason, i.e., the perceived caution of the Illinois Supreme Court in the area of sibling loss of society recovery.

In *Singh v. Air Illinois, Inc.,* 165 Ill.App.3d 923, 932, 117 Ill.Dec. 501, 507, 520 N.E.2d 852, 858, the First District Appellate Court revisited the issue of siblings' right to recover for loss of society. The court in *Singh* explained that *Prendergast,* which had been relied upon by the Seventh Circuit, barred only unproven claims for loss of society. *Id.* Consequently, the court allowed the siblings in *Singh* to recover for *proven* loss of society. On this subject, the Appellate Court in *Singh* cited *Sheahan v. Northeast Illinois Regional Commuter R.R. Corp.,* 146 Ill.App.3d 116, 119, 100 Ill.Dec. 114, 116, 496 N.E.2d 1179, 1181 (1st Dist.1986).

When addressing an unresolved question of state law, this court must adopt the reasoning which the state's highest court is most likely to follow. *See e.g., Indiana Harbor Belt Railway Co. v. American Cynamid Co.,* 916 F.2d 1174, 1176 (7th Cir. 1990). Believing that the *Singh* opinion most accurately foretells the decision of the Illinois Supreme Court on the question, the court holds that Illinois law permits siblings to recover for loss of society.

This ruling is broadly consistent with the underlying rationale of the Seventh Circuit decision in *In re Air Crash Disaster near Chicago.* First, this court's result accords with, and indeed is premised upon, the Seventh Circuit's observation in that case that siblings may indeed enjoy a special relationship with a decedent, even if it must be proven rather than presumed. 771 F.2d at 338–39.

Secondly, the Seventh Circuit explained that *Prendergast* states the Illinois law on the subject of a sibling's recovery. 771 F.2d at 340. In this regard, the court considers it appropriate to read and apply *Prendergast* in the light of the interpretation subsequently given it in *Sheahan* and *Singh.* In these cases, the First District Illinois Appellate Court, which issued *Prendergast,* clearly states that adult siblings may recover for a proven loss of society.

Further, the Seventh Circuit reached its conclusion in *In re Air Crash Disaster Near Chicago* because it perceived that the Illinois courts were reluctant to allow recovery for siblings. The Seventh Circuit, predicting that the Illinois Supreme Court may one day permit such a recovery, declined to take that step for the Illinois Supreme Court. *In re Air Crash Disaster*

*Near Chicago,* 771 F.2d at 339–40. The *Singh* case and other cases cited demonstrate, however, that Illinois courts are no longer reluctant to extend loss of society recovery to siblings. In light of the evolving nature of the law, this court regards the First and Second Appellate Districts' current views on the point as being the best indications of Illinois law. Carol Reiser's siblings should be and therefore are able to recover for their proven loss of her society.

## VI. *Evidentiary Proof of the Loss of Society Damages*

As stated, the elements of loss of society include loss of the decedent's "love, affection, care, attention, companionship, comfort, guidance and protection." *Singh v. Air Illinois,* 165 Ill.App.3d 923, 933, 117 Ill.Dec. 501, 507, 520 N.E.2d 852, 858 (1st Dist.1988). The court stresses that its damage award in this case was based on a *proven* loss of society. Evidence presented by plaintiff convincingly demonstrated the magnitude of the loss of the Reiser family resulting from the deprivation of Carol's society.

### A. Love, Affection and Care

The evidence clearly established that Carol bestowed a great amount of love, affection and care upon her family members. The Reisers' highly credible testimony compellingly evidenced the close, long-term relationships Carol Reiser enjoyed with each of her family's members. Their respective descriptions of each of their relationships with her convincingly proved Carol Reiser's warm, giving character, which impacted their lives regularly. She was described as the "glue that held the family together" and as the "most selfless" member of the family. The love, affection and care proven to have been lost by the Reisers was substantial.

### B. Attention, Companionship and Comfort

Compelling evidence was also presented concerning the attention, companionship and comfort that Carol Reiser offered her family. The testimony of her siblings and parents portrayed Carol Reiser as the one member of the family who had a knack for getting along with all of the others. She was a "best friend" to her siblings. She frequently visited her parents and her siblings who still live in the Chicagoland area. She enjoyed a relationship with her father that was special among the children. Additionally, the evidence showed that Carol was a person whom her family could always count on for help, whether it be in routine tasks, such as babysitting or moving, or in times of crisis, such as her sister Sandy's emergency hospitalization. The evidence established that Carol had developed a close relationship with her niece and nephews, which offered additional comfort to their respective parents, her sister Sandy and her brother Robert, Jr. The attention, companionship and comfort proven to have been lost by each member of the Reiser family as a result of Carol Reiser's death was great.

### C. Guidance and Protection

Further, Carol offered guidance and protection to her family members. Her younger sister Kathleen characterized her as a mother when her real mother was away. Her younger brother Thomas spoke of her encouraging him in his career and of counseling him not to become too involved in work. In summary, the evidence presented at trial, which is only briefly noted here, established that Carol Reiser's parents and siblings proved that they have suffered and will in future years continue to suffer a considerable deprivation through the loss of Carol's society.

## VII. *Amount of Damages Awarded*

In calculating damages, the court arrived at a figure representing its determination as to each beneficiary's annual loss of society resulting from Carol Reiser's death. Although this per annum monetary figure seems like a crass and sorry substitute for the loss suffered, analyzing a beneficiary's loss in annual terms provides a workable framework to use in order to arrive at a reasonable compensatory damages determination.

After determining the annual loss figure, the court has applied the life expectancy tables to determine each beneficiary's and Carol Reiser's life expectancies at the time of Carol's death.[2] The shorter of these two numbers is employed as multiplier of the annual damage figure to arrive at a total damage figure for each family member. Ages for purposes of determining a beneficiary's life expectancy are ages on April 15, 1989.[3] If a beneficiary's next birthday was less than six months away on that day, the age attained on the approaching birthday was used. The damage determinations for each of the beneficiaries are as follows.

*Robert R. Reiser, Sr., Carol Reiser's father*

Robert R. Reiser, Sr. was born March 18, 1929 and was 60 years old on April 15, 1989. His life expectancy, from the time of the accident, was 18.3 years. The court determines that his proven damages for the loss of his daughter's society are $8,750.00 per year. Multiplying the life expectancy of 18.3 years by the annual damage figure of $8,750.00, the court calculates damages in the amount of $160,125.00.

*Joan Reiser, Carol Reiser's mother*

Joan Reiser was born August 4, 1930 and was approaching 59 years old on April 15, 1989. Her life expectancy, from the time of the accident, was 23.5 years. The court determines that her proven damages for the loss of her daughter's society are $8,750.00 per year. Multiplying the life expectancy of 23.5 years by the annual damage figure of $8,750.00, the court calculates damages in the amount of $205,625.00.

*Robert Reiser, Jr., Carol Reiser's older brother*

Robert Reiser, Jr., who lives in Frankfort, Illinois, was born on June 17, 1954 and was approaching 35 years old on April 15, 1989. His life expectancy, from the time of the accident, was 39.7 years. The court determines that his proven damages for the

loss of his sister's society are $9,000.00 per year. Multiplying the life expectancy of 39.7 years by the annual damage figure of $9,000.00 per year, the court calculates damages in the amount of $357,300.00.

*Thomas J. Reiser, Carol Reiser's younger brother*

Thomas J. Reiser, who lives in the state of Maryland, was born June 6, 1959 and was approaching 30 years old on April 15, 1989. His life expectancy, from the time of the accident, was 44.3 years. The court determines that his proven damages for the loss of his sister's society are $8,750.00 per year. Multiplying the life expectancy of 44.3 years by the annual damage figure of $8,750.00, the court calculates damages in the amount of $387,625.00.

*Sandra Mary Parker, Carol Reiser's younger sister*

Sandra Mary Parker, who lives in Downers Grove, Illinois, was born October 11, 1960 and was approaching 29 years old on April 15, 1989. Her life expectancy, at the time of the accident, was 51.2 years. Because Sandra Parker's life expectancy is longer than Carol Reiser's life expectancy of 47.3 years, Carol Reiser's life expectancy on April 15, 1989 will be used for the calculation of damages. The court determines that Sandra Parker's damages for the loss of her sister's society are $10,000.00 per year. Multiplying Carol Reiser's life expectancy of 47.3 years by the annual damage figure of $10,000.00, the court calculates damages in the amount of $473,000.00.

*Kathleen Julie Reiser, Carol Reiser's youngest sister*

Kathleen Julie Reiser, who lives with her parents in Orland Park, Illinois, was born on June 3, 1968 and was approaching 21 years old on April 15, 1989. Her life expectancy, from the date of the accident, was 59 years. Because Kathleen Reiser's life expectancy is longer than Carol Reiser's life expectancy of 47.3 years, Carol

**2.** Carol Ann Reiser was born January 16, 1956 and was 33 years old at the time of accident on April 15, 1989. She had a life expectancy of 47.3 years. The life expectancies calculated are based on the table's listing for the subject's sex and race.

**3.** The court uses the beneficiaries' life expectancies on the day of the accident, as opposed to their current life expectancies, because compensation runs from and should be determined as of that date.

Reiser's life expectancy on April 15, 1989 will be used to calculate damages. The court determines that Kathleen Reiser's damages for the loss of her sister's society are $9,000 per year. Multiplying Carol Reiser's life expectancy of 47.3 years by the annual damage figure of $9,000, the court calculates damages in the amount of $425,700.00.

*Sum of Awards*

The sum of the damage awards to all family members is $2,009,375.00. With the addition of the stipulated funeral expenses of $6,728.67, the total damage award is $2,016,103.67. As previously discussed, this award is reduced by 10%, or $201,-610.37, due to the comparative fault of Carol Ann Reiser. The remaining damage amount therefore is $1,814,493.30.

## CONCLUSION

For the foregoing reasons and pursuant to this court's bench ruling of February 24, 1992, judgment is entered in favor of the plaintiff and against the defendant United States in the amount of $1,814,493.30.